UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
Phillip Touma,

                         Plaintiff,

           -against-

CITY OF NEW YORK; Police Officer BRENT CURRY, Shield No. 03041, and JOHN DOE 1 - 10, individually and in their official capacities (the name JOHN DOE being fictitious, as the true name is presently unknown),

                         Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## **PARTIES**

7. Plaintiff Philip Touma ("plaintiff") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all relevant times defendants BRENT CURRY and JOHN DOE 1-10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real name and shield number of defendant JOHN DOE.

10. At all relevant times defendants BRENT CURRY and JOHN DOE 1 – 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants BRENT CURRY and JOHN DOE 1- 10 are sued in their individual and official capacities.

11. At all relevant times, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On May 22, 2014 at approximately 11:30 p.m., plaintiff came out of a store on 4th Avenue near 68th Street in Brooklyn, in the City and State of New York.

13. Plaintiff put a piece of candy in his mouth and started to walk around the corner.

14. One defendant defendants approached plaintiff and asked what he had just swallowed.

15. Plaintiff told the defendant police officer it was candy. Plaintiff then asked, "What am I doing wrong?" and "Why are you bothering me?"

16. The defendant police officer told plaintiff, "Now you're going in" and handcuffed him.

17. Plaintiff complained that the defendant police officer was arresting him for no reason.

18. The defendant police officer responded by striking him in the face, causing him to fall backward to the ground.

19. The second defendant police officer emerged from a police car and, along with the first, got on top of plaintiff and struck him about the body while he was on the ground.

20. Defendant police officers put plaintiff in the back of a police car.

21. Sometime later an ambulance arrived on the scene. Plaintiff was taken to

Lutheran Hospital, where he was given an x-ray and CAT scan.

22. After discharge from the hospital, plaintiff was taken to the 68th Precinct station house, then to Central Booking.

23. Plaintiff was arraigned on two misdemeanor charges and released.

24. At a subsequent court appearance the case was adjourned in contemplation of dismissal ("ACD").

25. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty and suffered bodily injury, pain, emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

29.

## SECOND CLAIM

**False Arrest**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
**Failure To Intervene**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

35. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

**36.** As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

**37.**

## FOURTH CLAIM

### Unreasonable Force

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 7, 2014
         New York, New York


                                                        /ss/
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*